# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF TEXAS
# FORT WORTH DIVISION

| | |
|---|---|
| ELIGAH DARNELL, JR., § | |
| § | |
| Petitioner, § | |
| § | |
| v. § | Civil Action No. 4:22-cv-328-O |
| § | |
| BOBBY LUMPKIN, § | |
| DIRECTOR, TDCD-CID, § | |
| § | |
| Respondent. § | |

## OPINION AND ORDER

Came on for consideration the petition of Eligah Darnell, Jr., for writ of habeas corpus pursuant to 28 U.S.C. §§ 2241 and 2254. The Court, having considered the petition, the response, the reply,[1] the record, and applicable authorities, finds that the petition should be **DENIED**.

**I.   BACKGROUND**

On May 25, 2010, Petitioner was sentenced to a term of imprisonment of 75 years under Case No. 1197286R in the 432nd District Court of Tarrant County, Texas, for failure to comply with sexual offender registration requirements. ECF No. 13-14 at 7.[2] On August 13, 2018, he was released to supervision. ECF No. 11, Ex. A. On December 4, 2018, a prerevocation warrant issued for Petitioner's arrest. *Id.*, Ex. B. Petitioner was arrested and informed of his alleged violations and of his rights in the revocation process. *Id.*, Ex. C. He requested and received a preliminary hearing at the conclusion of which the hearing officer recommended that a final revocation hearing

---

[1] Along with his reply, Petitioner filed a motion for discovery. For the reasons discussed herein, Petitioner cannot prevail. That is, the discovery he seeks would not affect the outcome. He has not, in any event, shown good cause for undertaking discovery here. *See* 28 U.S.C. § 2254(e).

[2] The reference is to "Page __ of __" assigned by the Court's electronic filing system and found at the top right portion of the document.

be scheduled upon resolution of a pending criminal charge. *Id.*, Ex. D.

On June 3, 2021, Petitioner pleaded guilty to failure to comply with sex offender registration requirements and was sentenced to a term of imprisonment of 10 years under Case No. 1575051D in the 432nd District Court of Tarrant County, Texas. ECF No. 13-3 at 6. On September 2, 2021, Petitioner was again notified of his alleged violations of his supervision and of his rights to a parole revocation hearing. ECF No. 11, Ex. E. On September 7, 2021, a parole revocation hearing was held and the hearing officer concluded that Petitioner had committed multiple violations and that his parole should be revoked. ECF No. 13-14 at 137–46. On September 14, 2021, the State Board of Pardons and Paroles revoked Petitioner's parole. *Id.* at 150.

On September 27, 2021, Petitioner filed his state application for writ of habeas corpus. ECF No. 13-14 at 11–26. On April 6, 2022, the Court of Criminal Appeals of Texas denied the application without written order on the findings of the trial court and on the Court's independent review of the record. ECF No. 13-12.

## II.    GROUNDS OF THE PETITION

Petitioner timely filed his federal application and urges four grounds in support.[3] ECF No. 1. First, he alleges that his due process rights were violated because he was denied the right to present witnesses at his parole revocation hearing. Second, he alleges that he was denied the right to confront and cross-examine parole officer Robyn Calhoun at the revocation hearing. *Id.* at 6. Third, he alleges that his parole violations were not supported by the record or were outweighed by evidence in mitigation. And, fourth, he alleges that the State failed to contact Mia Farmer to address Petitioner's allegation that Ms. Farmer failed to subpoena witnesses as requested. *Id.* at 7.

---

[3] In his reply, Petitioner appears to have abandoned the grounds except as they relate to the alleged failure to develop the testimony of Mia Farmer to substantiate his claim that he was denied the right to present witnesses at his parole revocation hearing. ECF No. 14. Nevertheless, the Court considers all grounds.

### III.     APPLICABLE LEGAL STANDARDS

#### A.      2254

A writ of habeas corpus on behalf of a person in custody under a state court judgment shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless the petitioner shows that the prior adjudication:

(1)     resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or

(2)     resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d). A decision is contrary to clearly established federal law if the state court arrives at a conclusion opposite to that reached by the United States Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405–06 (2000); *see also Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000). A state court decision will be an unreasonable application of clearly established precedent if it correctly identifies the applicable rule but applies it objectively unreasonably to the facts of the case. *Williams*, 529 U.S. at 407–09; *see also Neal v. Puckett*, 286 F.3d 230, 236, 244–46 (5th Cir. 2002)(*en banc*) (focus should be on the ultimate legal conclusion reached by the state court and not on whether that court considered and discussed every angle of the evidence). A determination of a factual issue made by a state court is presumed to be correct. 28 U.S.C. § 2254(e)(1). The presumption of correctness applies to both express and implied factual findings. *Young v. Dretke*, 356 F.3d 616, 629 (5th Cir. 2004); *Valdez v. Cockrell*, 274 F.3d 941, 948 n.11 (5th Cir. 2001). Absent express findings, a federal court may imply fact findings consistent with the state court's disposition. *Marshall v. Lonberger*, 459 U.S. 422, 433

(1983). Thus, when the Texas Court of Criminal Appeals denies relief without written order, such ruling is an adjudication on the merits that is entitled to this presumption. *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997). The petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Hill*, 210 F.3d at 486.

In making its review, the Court is limited to the record that was before the state court. 28 U.S.C. § 2254(d)(2); *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

### B.  Parole Revocation

Parole revocation proceedings are not criminal cases; hence, the full panoply of rights in a criminal case does not apply. *Morrissey v. Brewer*, 408 U.S. 471, 480 (1972). The minimum requirements of due process in a revocation include: (a) written notice of the claimed violations of parole; (b) disclosure to the parolee of evidence against him; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation); (e) a neutral and detached hearing body; and (f) a written statement by the factfinders as to the evidence relied on and reasons for revoking parole. *Id.* at 489. The state's burden of proof in a revocation proceeding is considerably less than the reasonable doubt standard, requiring only a preponderance of the evidence. *Villarreal v. U.S. Parole Comm'n*, 985 F.2d 835, 839 (5th Cir. 1993). Due process requires only that there be some evidence in the record to support the decision. *Id.*; *Maddox v. U.S. Parole Comm'n*, 821 F.2d 997, 1000 (5th Cir. 1987).

## IV.  ANALYSIS

As a preliminary matter, Petitioner objects that Respondent did not provide him with a copy of all state court records submitted to the Court. ECF No. 14 at 1. The state court records,

4

ECF No. 13, were provided pursuant to local practice for the convenience of the Court. Petitioner was served with copies of pertinent parts of the record attached to Respondent's answer. ECF No. 11 at 5–6, 24. Petitioner does not say why he needs the 701 pages of state court records that have been filed, other than to properly respond. It is apparent that Petitioner has the state court papers available to him as he has attached various exhibits to his filings. He has properly replied to Respondent's answer. Moreover, he did not object to Respondent's statement of the case, which would appear to be the primary purpose for the state court records. Accordingly, the Court overrules the objection as to the records.

In his first two grounds, Petitioner alleges that his due process rights were violated because he was denied the right to present witnesses at his parole revocation hearing and because he was denied the right to cross-examine parole officer Robyn Calhoun. These claims are belied by the state habeas record, as pointed out by Respondent. ECF No. 11 at 12–16. The Court of Criminal Appeals denied relief based on the findings of the trial court and on its own independent review of the record. ECF No. 13-12. Petitioner has not overcome the presumption of correctness of the state court's rulings.

In his third ground, Petitioner asserts that the parole violation finding is not supported by the record and that it is outweighed by evidence in mitigation. ECF No. 1 at 7. He does not provide any factual support for this ground. In particular, he does not address any mitigating evidence nor make any attempt to show how such evidence outweighed his admission that he had violated his parole by failing to register as a sex offender as required.[4] His plea of guilty to the charge of failure

---

[4] Respondent notes that Petitioner raised this ground with greater specificity in his state habeas application and it was impliedly overruled. ECF No. 11 at 20. The weight to be given mitigating evidence is within the discretion of the hearing officer and the Board of Pardons and Paroles and this Court should not re-weigh the assessment of the evidence here. *Maddox v. U.S. Parole Comm'n*, 821 F.2d 997, 999–1000 (5th Cir. 1987); *Carlson v. Quarterman*, No. 4:06-CV-217-A, 2006 WL 2037525, at *3 (N.D. Tex. July 17, 2006).

to register is some evidence and sufficient to support the revocation. *Villarreal*, 985 F.2d at 839.

In his fourth ground, Petitioner alleges that his due process rights were violated because the State did not attempt to contact the parole officer, Mia Farmer, to determine whether Petitioner had requested her to subpoena witnesses on his behalf. ECF No. 1 at 7. The law is clear that an infirmity in state habeas proceedings does not provide a basis for federal habeas relief. *Moore v. Dretke*, 369 F.3d 844, 846 (5th Cir. 2004); *Nichols v. Scott*, 69 F.3d 1255, 1275 (5th Cir. 1995).

Petitioner raised each of these grounds in his state habeas application and relief was denied. He has not shown that the denial of relief was contrary to, or involved an unreasonable application of, clearly established federal law. He argues that the decision was based on an unreasonable determination of the facts in light of the evidence. ECF No. 14. However, the argument is based on an order of the Court of Criminal Appeals of Texas remanding an earlier state habeas petition, under Application No. WR-40,661-45,[5] for further fact-findings. *Id.*, Ex. B. Petitioner appears to contend that, because the record in that earlier proceeding was not developed to include a response by his parole officer (to address whether he had requested her to subpoena witnesses on his behalf), the state court decision at issue here is not entitled to deference. Having carefully reviewed the record, the Court is satisfied that the state court's findings and conclusions are supported by the record and that the denial of the habeas application was not based on an unreasonable determination of the facts in light of the evidence. The record does not reflect that Petitioner was denied the right to present mitigating evidence,[6] but even if he requested witnesses to be subpoenaed and they were not subpoenaed, he has not shown that such witnesses, relatives of his,

---

[5] As noted by Respondent, Petitioner filed the earlier proceeding in July 2021, claiming to have been denied his right to a revocation hearing. ECF No. 11 at 5 n.3. He was subsequently granted a revocation hearing, his parole was revoked, and he filed Application No. WR-40,661-46, underlying this action. ECF No. 13-14 at 11–26.

[6] Petitioner presented evidence at the revocation hearing and did not object to any witness not being present. ECF No. 13-14 at 134, 140, 144–45, 157, 161, 173–74.

were not available without subpoena and that their testimony would have changed the outcome of the revocation hearing.[7] There is evidence to support the revocation inasmuch as Petitioner pled guilty to a charge of failing to comply with his sex offender registration requirements, whether he complied with other requirements of his parole or had a valid reason for failing to do so.[8] *United States v. Irvin*, 820 F.2d 110, 111 (5th Cir. 1987); *Spann v. Wainwright*, 431 F.2d 482 (5th Cir. 1970). He is not entitled to relief.

## V.   CONCLUSION

For the reasons discussed herein, the Court **DENIES** the relief sought in movant's motion under § 2254 and **DENIES** the motion for discovery.

Further, pursuant to 28 U.S.C. § 2253(c), for the reasons discussed herein, a certificate of appealability is **DENIED**.

**SO ORDERED** on this 1st day of August, 2022.

_____
Reed O'Connor
UNITED STATES DISTRICT JUDGE

---

[7] It appears that the testimony would have been cumulative of Petitioner's own testimony. *See* ECF No. 13-14 at 144.
[8] Ability to comply with these other parole requirements was the subject of the alleged missing testimony.